# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY ALLEN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21-1153-JWB-KGG |
| SEDGWICK COUNTY SHERIFF DEPARTMENT, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
## REQUEST FOR COUNSEL, AND
## <u>REPORT & RECOMMENDATION FOR DISMISSAL</u>

In conjunction with his federal court Complaint alleging that his civil rights were violated by the Sedgwick County Sheriff's Department (Doc. 1, at 3), Plaintiff Anthony Allen has also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). Plaintiff also filed a motion requesting appointment of counsel. (Doc. 4.) After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) and **DENIES** the request for

1

counsel (Doc. 4). The Court also **recommends dismissal** of Plaintiff's claims to the District Court.

**A.      Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates that he is 54 and single with one dependent – his eleven-year-old daughter.[1] (Doc. 3-1, sealed, at 1-2.) Plaintiff is currently not employed. (*Id.*, at 2.) Plaintiff does not list any government benefits or other sources of income. (*Id.*, at 4-5.) Plaintiff does not own real property or an automobile. (*Id.*, at 3-4.) He lists a no cash on hand or savings. (*Id.*, at 4.)

The Court finds that, based on the information provided, Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.    Request for Counsel.**

Also pending before the Court is Plaintiff's request for appointment of counsel. (Doc. 4.) The Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. **Beaudry v. Corr. Corp. of Am.**, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). **Commodity Futures Trading Comm'n v. Brockbank**, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the

---

[1] Plaintiff indicates, however, that he provides no financial assistance to his daughter.

3

sound discretion of the district court." ***Lyons v. Kyner***, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421.

Based on the analysis relating to Plaintiff's *IFP* motion, *supra*, Plaintiff's financial situation would make it impossible for him to afford counsel. The second factor is Plaintiff's diligence in searching for counsel. Plaintiff has used the form motion provided by this District which clearly indicates that "before seeking an appointed attorney, a plaintiff confer with (not merely contact) at least five attorneys regarding legal representation." (Doc. 4.) Plaintiff appears to have

4

contacted at least six attorneys and/or law firms, none of which were willing to represent him. Plaintiff's diligence in seeking counsel weighs in his favor.

The next factor is the viability of Plaintiff's claims in federal court. *See* ***McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421. The Court has serious concerns as to the viability of Plaintiff's claims, as discussed in Section C., *infra*. Plaintiff alleges that the Sedgwick County Sherriff's Department violated his civil rights, falsely arrested him, and caused him to suffer personal injuries. (Doc. 1, at 3.) Plaintiff further states that, as a result of the alleged personal injuries, he started experiencing headaches. (*Id.*, at 4.) Following the headaches, Plaintiff asserts that he went to the hospital and received a CT scan, in which he had "bleeding on the brain and [they] had to perform two emergency brain surgeries. . . ." (*Id.*, at 4.) The facts as alleged by Plaintiff in his Complaint do not demonstrate a violation of his civil rights, as Plaintiff has not demonstrated a connection between his injuries and Defendant's conduct. Therefore, Plaintiff has failed to establish how Defendant has violated his civil rights. This factor thus weighs heavily against the appointment of counsel.

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. ***Castner***, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and

legal issues in this case are not unusually complex.  Cf. **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.  As such, the Motion to Appoint Counsel (Doc. 4) is **DENIED**.

**C.     Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  **Mitchell v. Deseret Health Care Facility**, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  **Harris v. Campbell**, 804 F.

Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir. 1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." ***Hall***, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff." ***Olson v. Carmack***, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury...." ***Hall***, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff has filed this case alleging that his civil rights were violated when he was falsely arrested and suffered personal injuries. (Doc. 1, at 3.) Although Plaintiff contends that his arrest constitutes a civil rights violation, he does not allege facts to support this claim. Additionally, Plaintiff has failed to allege facts to support the claim that his personal injuries were caused by Defendant in a manner implicating his civil rights. See ***Ponting v. Jorgensen***, No.20-2410-DDC-KGG, 2020 WL 6281721 at *3 (holding that a complaint must make clear who is involved and what they have done to whom) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-50 (10th Cir. 2008). Simply stated, Plaintiff has not met "the

9

burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. As stated above, "[c]onclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson*, 641 Fed.Appx. at 825. The Court thus **recommends** to the District Court that Plaintiff's claim be **dismissed** for failure to state a viable cause of action.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED**.

IT IS **RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED**. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day

period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 16th day of June, 2021.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge