IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY ALLEN,

        Plaintiff,

v.                                                                                        Case No. 21-1153-JWB

SEDGWICK COUNTY SHERIFF'S DEPARTMENT,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on a Report and Recommendation ("R&R") from United States Magistrate Judge Kenneth G. Gale. (Doc. 6.) The R&R recommends dismissal of Plaintiff's complaint. Plaintiff filed an objection to the R&R within the 14-day period permitted by Fed. R. Civ. P. 72(b)(2). (Doc. 8.) For the reasons stated below, the court ADOPTS the R&R and DISMISSES Plaintiff's complaint.

On June 15, 2021, Plaintiff filed a complaint against Defendant Sedgwick County Sheriff's Department alleging a violation of his civil rights. (Doc. 1.) Plaintiff's complaint claims that Defendant violated his due process rights "based on principles of fundamental fairness and false arrest and personal injuries." (Doc. 1 at 3.) Plaintiff further alleged that he "nearly lost [his] life from the injuries" he received after falling in the shower while in jail. (*Id*. at 4.) He allegedly needed two surgeries to save his life. Plaintiff attached several medical records to his complaint. (*Id*. at 9-37.) Plaintiff also attached a journal entry regarding his probation and a bond report to his complaint. (*Id*. at 7-8.) Plaintiff's complaint, however, fails to allege any facts regarding the significance of these exhibits.

In reviewing the complaint, Judge Gale determined that Plaintiff's complaint did not comply with Fed. R. Civ. 8, in that it failed to allege a basis for any valid claims against Defendant. (Doc. 6 at 9.) Plaintiff failed to allege any facts supporting his claim of false arrest and a violation of due process. Moreover, Plaintiff failed to identify an individual defendant who violated his rights. In sum, Magistrate Judge Gale found that the complaint was conclusory and recommended dismissal. (*Id.* at 10.)

Plaintiff has objected to Magistrate Judge Gale's ruling. Plaintiff's objection is almost entirely conclusory. Plaintiff argues that his rights have been violated and he has filed this action to prove the violation to the courts. (Doc. 8 at 3.) Plaintiff states that an individual has a right to appear before the court when that person is accused of a crime. (*Id.* at 2.) Plaintiff also suggests that his treatment was due to his race although these allegations are not present in his complaint. (*Id.*) Plaintiff then argues that the supporting documents he attached to his complaint show he "was not on probation at the time [he] got arrested." (*Id.*) He also asserts that he spent seventeen days in jail without going to court. (*Id.* at 4.)

Plaintiff's objection does not specifically address Magistrate Judge Gale's findings. Further, Plaintiff's statements regarding probation and the time spent in jail do not provide a sufficient factual basis to state a plausible claim. These additional facts provide no information regarding the circumstances of Plaintiff's arrest and corresponding charges. As stated by Magistrate Judge Gale, Plaintiff has failed to make clear who is involved and what they have done to whom. (Doc. 6 at 9) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-50 (10th Cir. 2008)).

Section 1983 provides a remedy against any person who, acting under color of state law, deprives an individual of a right secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Defendant "may not be sued under § 1983 for an injury inflicted solely by its

employees." *Waller v. City and Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). In other words, Defendant "cannot be held liable under § 1983 on a respondeat superior theory." *Id.* (quoting *Monell*, 436 U.S. at 691) (emphasis in original). Rather, Defendant may only be held liable when execution of a policy or custom inflicts the injury. *Id.* (quoting *Monell,* 436 U.S. at 694).

Reviewing Plaintiff's complaint, the court finds that it wholly fails to identify who violated Plaintiff's civil rights and a factual basis to plausibly support a violation. *See Robbins*, 519 F.3d at 1247–50 (holding a complaint must allege facts that "raise a right to relief above the speculative level," must suffice to "nudge[ ] [the] claims across the line from conceivable to plausible," and must "make clear exactly who is alleged to have done what to whom" (citation and internal quotation marks omitted)); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can based.") Plaintiff's complaint also fails to allege that the violation and corresponding injury were caused by Defendant's policy or custom. Therefore, his complaint is subject to dismissal.

The court also notes that Plaintiff is proceeding in forma pauperis. As a result, this court has authority under 28 U.S.C. § 1915(e)(2) to dismiss the complaint upon a determination that it fails to state a claim. For the reasons stated in Magistrate Judge Gale's R&R and the reasons stated herein, the court finds that Plaintiff's complaint fails to state a claim.

IT IS THEREFORE ORDERED this 1st day of July, 2021, that the Report and Recommendation (Doc. 6) of Magistrate Judge Gale is ADOPTED. Plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.  Dated this 1st day of July, 2021.


                                                                                                 s/ John W. Broomes  
                                                                                                  JOHN W. BROOMES  
                                                                                                  UNITED STATES DISTRICT JUDGE